*Stevenson, Myers, for appellant.*

---

## GEO. REDMON v. H. C. McGHEE & Co.

**Vendor and Purchaser—Conveyance by Deed—Title Bond for Reconveyance—Vendee in Deed Trustee of Vendee in Bond.**

When a party executes a deed of conveyance to another and takes a title bond from him to reconvey the property, upon the happening of a certain event, the vendee in the deed becomes the trustee of the vendee in the title bond.

**Landlord and Tenant—Estopple Lease of Land With Knowledge of Title Bond to Reconvey—Assignment of Lease.**

The court erred in adjudging to H. C. Magee the possession of the farm of Gustavus until the expiration of the lease executed by I. Rowan to Breeze. The latter was fully apprised of all the circumstances attending the conveyance of the land, and was for several years the custodian of the bond for reconveyance, and the assignee of the lease was equally apprised of these facts.

APPEAL FROM HARRISON CIRCUIT COURT.

April 10, 1871.

OPINION BY JUDGE LINDSAY:

Gustavus S. McGhee intending to enter the military service of the confederate states, for the recited consideration of $12,-000 conveyed all his property, including a farm of 135 acres in Harrison county to his brother, I. Rowan McGhee, and took his bond for a reconveyance upon his return to Kentucky. The legal effect of this conveyance and agreement to recovery, was to constitute the vendee, the trustee for the vendor. I. Rowan McGhee executed to James Breeze a writing purporting for the recited consideration of $1,000 to lease to him this trust farm for the term of ten years from the 30th of November, 1861. On the 20th of March, 1865, Breeze assigned said lease with all its advantages to the appellee H. C. McGhee.

In 1862 I. Rowan McGhee departed this life, having first made and published his last will and testament, by which, after several specific bequests he devised the residue of his estate to his brother Gustavus S. McGhee, his nephew Thomas T. McGhee and the infant children of his deceased sister, Mrs. Nicholas, leaving nothing to his brother, H. C. McGhee.

This action was brought by the guardians of the infant devisees to procure a division of the land of I. Rowan McGhee in accordance with the provisions of his will. The division was made, and that portion of the Bracken county farm upon which the testator resided which was alloted to Gustavus was subjected to the payment of his debts by proper proceedings, and purchased at decretal sale in June by appellee, H. C. McGhee. In 1864 Gustavus was killed in an engagement with the United States troops in East Tennessee. This fact was suggested by

an amended petition filed in May, 1865, and the appellee, H. C. McGee, who was his brother and one of his heirs was made a party to the proceeding. He answered claiming that the 135 acres of land in Harrison county conveyed by Gustavus to I. Rowan did not pass by the latter's will, and that he was entitled as heir at law of Gustavus to a portion of the same. Also that under the will of his Mother Nancy Magee, both I. Rowan and Gustavus had received of her estate the sum of $2,419.60 each, that said will provided that in case any of her 'devisees died without decedants, the portion received by them should revert to the surviving devisees or their descendants, and that both of his said brothers had died without ever having been married, and he claimed that he ought to recover from the estate of each his proportionate share of the amounts so received by them under their mother's will. By an amendment subsequently filed he made his answer a cross petition against devisees of I. Rowan who were with him co-heirs of Gustavus, and sought to subject their interests in the lands acquired from them to the payment of his said claim. By a subsequent amendment he set up the fact that the lease executed by I. Rowan to Breeze had been assigned to him, and asked to be protected in the enjoyment of the Harrison county land until the expirations of said lease. Under the circumstances we are not inclined to disturb the action of the circuit court, in adjudging to appellee the rents accruing on that portion of I. Rowan's Bracken county lands, allotted to Gustavus, and bought by appellee from the date of his purchase in June, 1866. The court was also right in saying that so far as Gustavus' estate was concerned, his heirs were equally benefited whether they took the amount he received from his mother's estate, as his heirs or by virtue of his mother's will, hence the formality of an adjustment under the provisions of said will was useless. It was not so however as to I. Rowman's share, as H. C. McGee took nothing under his will.

At the time of the death of I. Rowan there were four of the devisees of his mother, or their representatives left to share the amount he had received from her, viz: H. C., Gustavus and Thos. T. McGee and the children of Mrs. Nichols, consequently H. C. McGee was entitled to recover from his estate one fourth of $2,419.60, viz: $604.90, with interest from date of

his death, and in case the personal representative of I. Rowan McGhee had not paid over to Gustavus his portion of this fund, then H. C. McGee has the still further claim against I. Rowan's estate for one-third of the same, viz: $207.63 with interest from the date of I. Rowan's death. The record does not disclose the fact as to whether or not such payment was made to Gustavus, and upon the return of the case, said fact should be ascertained, and in order to do this the personal representatives of Gustavus should be made a party to this proceeding. But the lands of the appellants should not be subjected to the payment of these claims until it is ascertained that the personal representatives of I. Rowan and Gustavus McGhee have not in their hands sufficient personal assets to satisfy the same.

We think the court erred in adjudging to H. C. McGee the possession of the farm of Gustavus until the expiration of the lease executed by I. Rowan to Breeze. The latter was fully apprised of all the circumstances attending the conveyance of said land, and was for several years the custodian of the bond for reconveyance. H. C. McGhee to whom he assigned his lease, was equally well apprised of these facts. Breeze swears that in February, 1865, one month before he assigned the lease to H. C. he delivered to him I Rowan's obligation to Gustavus to reconvey. It is also remarkable that although Breeze's deposition is twice taken, he no where states that he ever paid I. Rowan one cent for said lease, nor that H. C. paid him anything for the assignment of the same. In fact H. C. in his amended answer setting up this assignment contents himself with stating that he purchased from Breeze for a valuable consideration, without stating what it was, and the written assignment of Breeze on the back of the lease does not acknowledge the payment of one cent, nor state that there was any consideration for the same either paid or to be paid. The record developes a further fact.

The amended answer of appellee setting up the assignment of said lease was not filed until H. C. had been in court more than a year, during which time he had filed his original and first amended answer. We are of opinion that neither Breeze nor H. C. McGee regarded the lease as valid or binding on the heirs of Gustavus because of the fact that they both knew it was executed without consideration. Nor was the court below bound

to uphold and enforce the lease because of the fact that there was no pleading upon the part of the appellant assailing it.

H. C. McGhee pleaded the lease as a matter of avoidance, and not as a set-off or counter-claim. He admitted the right of the appellants to have partition of the land, for the sole purpose of postponing them in the enforcement of a conceded right. The law traversed every defense relied upon by his answers, and the appellants had the right to attack the lease upon any legal ground they chose, and by any competent evidence they might be able to produce. In addition to this all the circumstances in the case indicates that the lease was intended for no other purpose than to effectuate the trust under which H. C. McGee claims title, and if he be allowed to establish his claim by relying upon the trust he ought not to take advantage of the means used to effectuate it to obtain an undue advantage over those whose rights are equal to his own, and to that extent to defeat it.

Upon the return of the case he should be allowed a reasonable time to take such proof as he may desire, to show that the lease was a bona fide transaction between I. Rowan McGhee and Breeze executed upon an actual consideration, and in case he is not able to satisfactorily establish these facts, the lease should be wholly disregarded. Wherefore the judgment of the court below is reversed and the cause remanded for further proceedings consistent with this opinion.

*A. H. Ward,* for *appellant.*
*Boyd,* for *appellee.*